UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

JASON ROBERT WYLIE,
and LEAH S. WYLIE,

        Debtors.
_____/

Case No. 20-49216

Chapter 7

Judge Thomas J. Tucker

TIMOTHY MILLER, TRUSTEE,

        Plaintiff,

v.

KATHLEEN SULLIVAN,

        Defendant.
_____/

Adv. Pro. No. 21-4088

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR STAY PENDING APPEAL

### I. Introduction

On September 20, 2021, the Court entered a final order in this adversary proceeding, which (1) denied the Defendant's motion for summary judgment in its entirety; and (2) granted the Plaintiff's motion for summary judgment on Counts I and III of the First Amended Complaint (Docket # 44, the "September 20 Order"). The Court ruled that under 11 U.S.C. § 548(a)(1)(B), the Debtors in the related Chapter 7 bankruptcy case fraudulently transferred to the Defendant Kathleen Sullivan a one-half interest in certain real property located in Scott County, Arkansas (the "Property"), within two years of the filing of the Debtors' bankruptcy case, and the Court avoided such transfer under 11 U.S.C. § 550(a).[1] As a result of the Court's September 20 Order,

---

[1] *See* Docket ## 43, 44.

the bankruptcy estate now owns a one-half interest in the Property, and the Defendant Kathleen Sullivan owns a one-half interest in certain portions of the Property. On October 4, 2021, Defendant filed a notice of appeal of the September 20 Order (Docket # 45).

This adversary proceeding is before this Court on the Defendant's motion for a stay of the September 20 Order pending appeal, filed on November 30, 2021 (Docket # 64, the "Stay Motion").[2] The Stay Motion seeks a stay pending appeal of the Court's September 20 Order to prevent the Plaintiff Trustee from selling the Property for the benefit of the bankruptcy estate's unsecured creditors. On December 6, 2021, the Plaintiff filed an objection to the Stay Motion. (Docket # 66).

The Court has reviewed the Stay Motion and concludes that a hearing is not necessary, and that the Stay Motion should be denied for the reasons stated below.

## II. Discussion

### A. The relevant factors

The Stay Motion is governed by Fed. R. Bankr. P. 8007, which states, in pertinent part:

> **(a) Initial Motion in the Bankruptcy Court**
>
> **(1) In general**
>
> Ordinarily, a party must move first in the bankruptcy court for the following relief:
>
> > (A) a stay of a judgment, order, or decree of the bankruptcy court pending appeal;
>
> . . .
>
> **(b) Motion in the district court, the BAP, or the Court of**

---

[2] The Debtors are not parties in this adversary proceeding.

**Appeals on direct appeal**

**(1) Request for relief**

A motion for the relief specified in subdivision (a)(1)—or to vacate or modify a bankruptcy court's order granting such relief—may be made in the court where the appeal is pending.

**(2) Showing or statement required**

The motion must:

(A) show that moving first in the bankruptcy court would be impracticable; or

(B) if a motion was made in the bankruptcy court, either state that the court has not yet ruled on the motion, or state that the court has ruled and set out any reasons given for the ruling.

**(3) Additional content**

The motion must also include:

(A) the reasons for granting the relief requested and the facts relied upon;

(B) affidavits or other sworn statements supporting facts subject to dispute; and

(C) relevant parts of the record.

**(4) Serving notice**

The movant must give reasonable notice of the motion to all parties.

. . .

**(e) Continuation of proceedings in the bankruptcy court**

Despite Rule 7062 and subject to the authority of the district court, BAP, or court of appeals, the bankruptcy court may:

3

> (1) suspend or order the continuation of other proceedings in the case; or
>
> (2) issue any other appropriate orders during the pendency of an appeal to protect the rights of all parties in interest.

The factors that courts must apply in determining whether to grant a motion for a stay pending appeal were discussed at length in *Michigan Coalition of RadioActive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153-54 (6th Cir. 1991). In *Griepentrog,* the Sixth Circuit held, in relevant part:

> In determining whether a stay should be granted under Fed.R.Civ.P. 8(a), we consider the same four factors that are traditionally considered in evaluating the granting of a preliminary injunction. These well-known factors are: (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay. These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together.
>
> Although the factors to be considered are the same for both a preliminary injunction and a stay pending appeal, the balancing process is not identical due to the different procedural posture in which each judicial determination arises. Upon a motion for a preliminary injunction, the court must make a decision based upon "incomplete factual findings and legal research." Even so, that decision is generally accorded a great deal of deference on appellate review and will only be disturbed if the court relied upon clearly erroneous findings of fact, improperly applied the governing law, or used an erroneous legal standard.
>
> Conversely, a motion for a stay pending appeal is generally made after the district court has considered fully the merits of the underlying action and issued judgment, usually following completion of discovery. As a result, a movant seeking a stay pending review on the merits of a district court's judgment will have greater difficulty in demonstrating a likelihood of success on the merits. In essence, a party seeking a stay must ordinarily

4

demonstrate to a reviewing court that there is a likelihood of reversal. Presumably, there is a reduced probability of error, at least with respect to a court's findings of fact, because the district court had the benefit of a complete record that can be reviewed by this court when considering the motion for a stay.

To justify the granting of a stay, however, a movant need not always establish a high probability of success on the merits. The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiffs will suffer absent the stay. Simply stated, more of one excuses less of the other. This relationship, however, is not without its limits; **the movant is always required to demonstrate more than the mere "possibility" of success on the merits. For example, even if a movant demonstrates irreparable harm that decidedly outweighs any potential harm to the defendant if a stay is granted, he is still required to show, at a minimum, "serious questions going to the merits."**

In evaluating the harm that will occur depending upon whether or not the stay is granted, we generally look to three factors: (1) the substantiality of the injury alleged; (2) the likelihood of its occurrence; and (3) the adequacy of the proof provided. In evaluating the degree of injury, it is important to remember that

> [t]he key word in this consideration is *irreparable*. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.

In addition, the harm alleged must be both certain and immediate, rather than speculative or theoretical. In order to substantiate a claim that irreparable injury is likely to occur, a movant must provide some evidence that the harm has occurred in the past and is likely to occur again.

*Id.* (citations omitted) (emphasis added); *see also Serv. Emps. Int'l Union Local 1 v. Husted*, 698 F.3d 341, 343 (6th Cir. 2012) (*per curiam*); *Baker v. Adams County/Ohio Valley Sch. Bd.*, 310

5

F.3d 927, 928 (6th Cir. 2002). The Defendant, as the moving party, bears the burden of establishing by a preponderance of the evidence that he is entitled to the stay. *See Husted*, 698 F.3d at 343; *In re Holstine*, 458 B.R. 392, 394 (Bankr. E.D. Mich. 2011). And "a court's decision to [grant or] deny a [stay pending appeal] is highly discretionary." *Id.* (quoting *In re Forty-Eight Insulations, Inc.*, 115 F.3d 1294, 1301 (7th Cir. 1997)).

### B. Consideration of the relevant factors

The Court concludes that the Defendant has not satisfied her burden of establishing by a preponderance of the evidence that she is entitled to the stay, and that therefore, a stay pending appeal should not be granted. The Stay Motion must be denied based on this Court's review of the *Griepentrog* factors, as discussed below.

#### 1. Factor No. 1

This Court certainly is not infallible. And the district court will be the judge of whether to reverse or modify this Court's judgment on appeal. But this Court finds that there is a very low probability that its September 20 Order will be reversed or modified on appeal. The Court strongly believes that its decision was correct, for the reasons stated in the Court's detailed written opinion filed on September 20, 2021 (Docket # 43).

For these reasons, the first stay factor weighs against granting a stay pending appeal.

The Court's conclusion about this first stay factor is alone fatal to the Stay Motions, under the Sixth Circuit's decision in *Griepentrog*, quoted above. There, the Sixth Circuit held, among other things, that "even if a movant demonstrates irreparable harm that decidedly outweighs any potential harm to the [opposing parties] if a stay is granted, he is still required to show, at a minimum, 'serious questions going to the merits.'" *Griepentrog*, 945 F.2d at 154

6

21-04088-tjt    Doc 67    Filed 12/13/21    Entered 12/13/21 16:12:58    Page 6 of 8

(citations omitted). The Defendant has not made such a showing, so the Stay Motions must be denied for this reason alone.

### 2. Factor No. 2

The second factor is "the likelihood that the moving party will be irreparably harmed absent a stay." The Defendant admits that "the direct effect [on her of the Court not granting the Stay Motion] is minimal if she were to receive the money's worth" from the sale of the Property.[3] Based on this admission, the Defendant has not shown that she will suffer any harm, let alone irreparable harm, particularly since the Defendant does not live in the home on the Property at issue. The Defendant lacks standing to argue that the someone else — *i.e.*, Christopher Sullivan (her ex-husband) and his current wife — will suffer irreparable harm. Therefore, in this case this factor weighs strongly against granting the Stay Motion.

### 3. Factor Nos. 3 and 4

Finally, the third and fourth stay factors, namely, "the prospect that others will be harmed if the court grants the stay;" and "the public interest in granting the stay," both weigh against granting a stay pending appeal. The Court finds that the Plaintiff Chapter 7 Trustee, on behalf of the bankruptcy estate of the Debtors, will be harmed if the Court grants a stay pending appeal. Such a stay would unduly further delay the Trustee in carrying out his duties to collect and liquidate property of the estate for the benefit of creditors. A stay would have the effect of delaying the conclusion of the pending adversary proceeding, Adv. No. 21-4234 (the Plaintiff Trustee's action seeking authority to sell the Property under 11 U.S.C. § 363(h)), and that in turn would have the effect of delaying the Plaintiff Trustee's ability to sell the Property for the benefit

---

[3] Br. in Supp. of Mot. For Stay of Sale Pending Appeal (Docket # 64) at pdf. p. 18.

of creditors (if the Plaintiff ultimately prevails under § 363(h) in Adv. No. 21-4234).  On the other hand, the Defendant will have an opportunity to have the district court consider the merits of this Court's September 20, 2021 Opinion and the September 20 Order, because she has timely filed an appeal.  The sale of the Property is not imminent absent a stay pending appeal, because the Chapter 7 Trustee may not sell the Property unless and until the Trustee prevails in Adv. No. 21-4234 under 11 U.S.C. § 363(h), and that adversary proceeding is not scheduled for trial until March 8, 2022.  The  public interest favors allowing the Chapter 7 Trustee to perform his duties, and to so do as expeditiously as possible.  *See* 11 U.S.C. § 704(a)(1) ("The trustee shall . . . collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest").

Thus, weighing of all of the relevant factors compels the conclusion that a stay pending appeal should not be granted.  In the exercise of its discretion under Fed. R. Bankr. P. 8007, the Court will deny the Stay Motion.

### III. Conclusion and Order

For the reasons stated in this Opinion,

IT IS ORDERED that the Stay Motion (Docket # 64) is denied.

**Signed on December 13, 2021**



/s/ Thomas J. Tucker
**Thomas J. Tucker
United States Bankruptcy Judge**